UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-501-FDW
3:05-cr-104-FDW-10

| | |
|---|---|
| **ALLEN MARSHELL MCCALL, JR.,** )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

## I. BACKGROUND

On November 2, 2006, Petitioner was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (3:05-cr-104, Doc. No. 381: Jury Verdict; Doc. No. 507: Judgment in a Criminal Case at 2). The jury determined that Petitioner was responsible for at least 50 grams of a mixture of cocaine and cocaine base, or crack cocaine. (Doc. No. 381 at 3).

A presentence investigation report ("PSR") was prepared and noted the Government filed a notice pursuant to 21 U.S.C. § 851, prior to trial contending that Petitioner had a prior felony drug conviction and was therefore subject to statutory enhancement under 21 U.S.C. § 841(b)(1)(A). (Doc. No. 179: Section 851 Notice). The previous drug conviction was identified as a conviction of possession with intent to sell and deliver cocaine for which Petitioner was

1

sentenced to a suspended term of 9-11 months in Mecklenburg County Superior Court. (Id.; Doc. No. 617: PSR ¶ 51).

On December 10, 2007, Petitioner appeared with counsel before the Court and was sentenced to a term of 240-months imprisonment and Petitioner filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit. (Doc. No. 525). The Fourth Circuit upheld Petitioner's criminal judgment after noting no errors in proceedings before the trial court. United States v. McCall, 332 F. App'x 49, 50 (4th Cir. 2009) (unpublished).

On May 18, 2012, Petitioner, by and through counsel, filed a Motion to Reduce Crack Sentence pursuant to 18 U.S.C. § 3852(c). (Doc. No. 739). This motion was denied by Order entered on June 25, 2012, after the Court found that Petitioner was not entitled to relief because the Sentencing Commission had not lowered Petitioner's Guideline Range. (Doc. No. 749).

On August 12, 2012, Petitioner, through counsel, filed the present Section 2255 motion contending that he is entitled to relief under an en banc decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner contends that the Fourth Circuit's holding in Simmons demonstrates that his prior state felony drug conviction did not qualify him for a Section 851 sentencing enhancement. Even assuming that Petitioner's prior felony drug conviction no longer qualifies under Section 851, because a recent Fourth Circuit case, with a similar set of facts, held that a sentence of 240-months under Section 841(b)(1)(A), with or without the enhancement, is within the maximum as authorized by law, the Court will deny and dismiss Petitioner's Section 2255 motion.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

2

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted). In the present case, the Court will assume for the purpose of the present motion only that based on his PSR, Petitioner was not sentenced for a drug offense for which he could have been subject to a sentence in excess of one year.

Section 2255 provides a petitioner with an avenue to attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

3

(emphasis added).

Following the enactment of 21 U.S.C. § 841(b)(1)(A), the Court was provided with a defined range within which to sentence defendants. Section 841(b)(1)(A) provides that upon conviction under Section 841(a) or 846, that a defendant is subject to minimum term of 10 years and maximum term of life imprisonment. Following a conviction for a felony drug offense, or one that carries a sentence of more than one year, the defendant is subject to a mandatory minimum of 20-years to not more than life.

The Fourth Circuit recently addressed a set of facts similar to the facts that are present in Petitioner's case. In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), the Circuit held that Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year must fail. In 2004, Powell had been convicted under 21 U.S.C. § 846 of conspiring within intent to distribute crack cocaine. Powell was sentenced pursuant to the provisions of 21 U.S.C.§ 841(b)(1)(A) which, as noted, provides for a sentence of no less than ten years and not more than life imprisonment. The Government, however, had filed a Section 851 notice of enhancement based on a prior controlled substance offense. which had been filed by the Government. The Section 851 enhanced Powell's mandatory minimum sentence to 240-months imprisonment, subjecting Powell to a sentence of no less than twenty years and not more than life . The Fourth Circuit held, however, that despite the Section 851 notice, under § 841(b)(1)(A), Petitioner was still subject to a maximum term of imprisonment of life. The Court then concluded that, despite the Section 851 notice, because Powell was still sentenced within the maximum term of life, he was not entitled

4

to relief.[1]

As has been explained, relief from a sentence in a Section 2255 proceeding is limited to sentences which are imposed in excess of that maximum sentence as authorized by law. Section 2255(a). Therefore, even without consideration of Petitioner's prior conviction as set forth in the Government's Section 851 notice, the Court had the discretion to sentence Petitioner to a term of not less than ten years and not more than life imprisonment. Petitioner's term of 240-months was thus well within the authorized maximum sentence. Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding.

## IV.　CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding

---

[1] Note in particular Judge King's comment in his dissenting opinion:

> As a case in point, Powell received Section 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum– as any such enhanced sentence subsection (b)(1)(A) sentence would necessarily be.

United States v. Powell, 691 F.3d 554, 562 n.1 (4th Cir. 2012).

that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 11, 2012

Frank D. Whitney
United States District Judge