UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12–cv-792-FDW
(3:05-cr-104-FDW-16)

| | |
|---|---|
| HOWARD EDWARD MCCALL, ) </br> ) </br> Petitioner, ) </br> ) </br> v. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255, and his alternative claim for relief pursuant to 28 U.S.C. § 2241. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed and his motion pursuant to Section 2241 will be denied.

## I. BACKGROUND

On December 18, 2007, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (3:05-cr-104, Doc. No. 510: Judgment in a Criminal Case at 1-2).[1] Petitioner was sentenced to an active term of 240-months' imprisonment. Petitioner filed an appeal from this judgment to the United States Court of Appeals for the Fourth Circuit. On November 20, 2009, the Court affirmed

---

[1] Following his indictment, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner of its intention to seek enhanced penalties based on a North Carolina conviction for possession of cocaine sustained in Mecklenburg County Superior Court in 1995. (Doc. No. 178).

1

Petitioner's criminal judgment in its entirety. United States v. McCall, 352 F. App'x 811 (4th Cir. 2009) (unpublished). (Doc. No. 685). The Supreme Court of the United States denied Petitioner's petition for a writ of certiorari on April 4, 2010. McCall v. United States, 130 S. Ct. 2358 (2010).

On April 5, 2012, Petitioner filed the present motion under Section 2255 contending that the prior conviction for possession of cocaine, which was noticed by the Government under Section 851, no longer qualifies as proper, predicate felony based on the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:12-cv-792, Doc. No. 1 at 2-5).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

A.  Section 2255 Motion

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

(f)  A 1-year period of limitation shall apply to a motion under this section. The

2

limitation period shall run from the latest of—

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was final in April 2010, following the Supreme Court's denial of his petition for a writ of certiorari and he did not file the present Section 2255 motion until April 2, 2012. Petitioner contends that his motion is nevertheless timely because it was filed within one year of the date that the Fourth Circuit filed its decision in United States v. Simmons. However, the Court finds that Petitioner's Section 2255 motion is untimely because he cannot meet any of the above provisions under § 2255(f). Further, the Court finds that Petitioner is not entitled to equitable tolling because he does not present a meritorious claim for relief.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United

3

States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

The Fourth Circuit, in an opinion filed after Petitioner filed the present motion, held that the Supreme Court's decision in Carachuri-Rosendo v. Holder, and its en banc opinion in Simmons were not retroactive to cases on collateral review. See United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Powell, 691 F.3d 554 (4th Cir. 2012)); see also United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). These holdings preclude relief in this Section 2255 proceeding.[2]

B.  Section 2241 Motion

Petitioner has also filed for relief under 28 U.S.C. § 2241. A petitioner seeking to attack his conviction or sentence must file a motion under § 2255 unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

---

[2]The Fourth Circuit's en banc decision in Simmons was reached through the majority's interpretation of the Supreme Court's decision in Carachuri-Rosendo v. Holder. Namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.

4

(1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not challenge the legality of his conviction, rather he challenges his sentence based on a prior drug conviction which he contends is no longer properly considered for sentencing enhancement. As Petitioner is only challenging his sentence he has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate. Moreover, even without consideration of the prior drug conviction, Petitioner was still sentenced to a term of imprisonment within the maximum. See 21 U.S.C. § 841(b) (a defendant sentenced for violation of Section 841(a) shall be sentenced to not less than 10 years or more than life.). For these reasons, Petitioner's Section 2241 motion will be denied.

### IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.　　Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

2.　　Petitioner's motion for relief pursuant to 28 U.S.C. § 2241 is **DENIED**.

3.　　Petitioner's Pro Se Motion to Reduce Sentence based on Simmons is **DISMISSED**. (3:05-cr-104, Doc. No. 730).[3]

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

---

[3]The Court found that Petitioner's motion to reduce sentence was in fact a motion under Section 2255.

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 30, 2012

Frank D. Whitney
United States District Judge