UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12–cv-502-FDW
(3:05-cr-104-FDW-3)

| | |
|---|---|
| MICHAEL BRIAN MCCALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On May 4, 2007, Petitioner was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and possession with intent to distribute, and distribute cocaine base, and aiding and abetting the same, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Four). Petitioner was sentenced to 188-months' imprisonment on each count with the terms to run concurrently. (3:05-cr-104, Doc. No. 429: Judgment in a Criminal Case at 1-2).1 Petitioner did not file a direct appeal from this criminal judgment.

On August 12, 2012, Petitioner, through counsel, filed the present motion under Section 2255 contending that his prior state convictions no longer support his career offender

enhancement, based on, among other cases, the Fourth Circuit's opinion in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. <u>See</u> <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was final in May 2007, or 10-days after entry of his criminal judgment.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the district court must determine whether a prior conviction qualifies as a felony for the purpose of determining an appropriate sentence under the sentencing guidelines. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Petitioner contends that his Section 2255 motion is timely under § 2255(f) because his motion was filed within one year of the date the Fourth Circuit filed its en banc decision in United States v. Simmons. (3:12-cv-502, Doc. No. 1 at 4). In the alternative, Petitioner argues that he should be entitled to equitable tolling in the event that the Court finds that he does not meet the statutory time limit required by § 2255(f). (Id. at 7). Because current Fourth Circuit law precludes relief, the Court finds that Petitioner's motion is untimely, and he is not entitled to equitable tolling based on the cases set out below.

The Fourth Circuit, in an opinion filed after Petitioner filed the present motion, held that

3

the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and its en banc opinion in Simmons were not retroactive to cases on collateral review. See, e.g., United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Powell, 691 F.3d 554 (4th Cir. 2012)); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. filed Nov. 1, 2012) (unpublished) (holding that "Carachuri claims may not be raised retroactively in collateral proceedings."); United States v. Newbold, 2012 WL 6121521, at *1 (4th Cir. filed Dec. 11, 2012) (unpublished) (rejecting Petitioner's claim that he no longer qualified as an armed career criminal. The Court again found that Petitioner was not entitled to retroactive relief from his previous convictions in a collateral proceeding despite the holding in Carachur-Rosendo as applied in Simmons). These holdings preclude relief in this Section 2255 proceeding.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DISMISSED** as untimely. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

Signed: December 12, 2012

Frank D. Whitney
United States District Judge